IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly siuated,<br><br>Plaintiff,<br><br>v.<br><br>R.R.K. INC. d/b/a EMPIRE NUMISMATICS<br><br>Defendants. | Case No. 2:25-cv-00864-RJC |

**ANSWER OF DEFENDANT, R.R.K. INC. d/b/a EMPIRE NUMISMATICS TO THE COMPLAINT, WITH AFFIRMATIVE DEFENSES**

Defendant, R.R.K. Inc. d/b/a Empire Numismatics ("Defendant"), by and through its undersigned counsel, hereby submits this Answer and Affirmative Defenses to plaintiff, Stewart Abramson's ("Plaintiff") Class Action Complaint (the "Complaint").

**"Preliminary Statement"**

1.  Denied. The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

2.  Denied. The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

3.  Denied. The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

4.  Denied. The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

5. Denied. The allegations in this paragraph seek to summarize the Complaint, which is a document and speaks for itself. By way of further response, the allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

6. Denied. The allegations in this paragraph seek to summarize the Complaint, which is a document and speaks for itself. By way of further response, the allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

7. Denied. The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

### "Parties"

8. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore said allegations are denied and strict proof is demanded at trial.

9. Admitted.

### "Jurisdiction & Venue"

10. Denied. The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

11. Denied. The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

12. Denied. The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

## "The Telephone Consumer Protection Act"

13.  Denied.  The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

14.  Denied.  The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

15.  Denied.  The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

16.  Denied.  The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

17.  Denied.  The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

18.  Denied.  The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

## "Factual Allegations"

19.  Admitted to the extent that this paragraph accurately describes some of the services that Defendant provides.

20.  Denied.  The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

21.  Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore said allegations are denied and strict proof is demanded at trial.  By way of further response, to the extent that the allegations in this paragraph consist of legal conclusions, no response is required and, therefore, the allegations are deemed denied.

22. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore said allegations are denied and strict proof is demanded at trial. By way of further response, to the extent that the allegations in this paragraph consist of legal conclusions, no response is required and, therefore, the allegations are deemed denied.

23. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore said allegations are denied and strict proof is demanded at trial.

24. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore said allegations are denied and strict proof is demanded at trial. Further, Defendant is confused by Plaintiff's use of the phrase "any of the Defendants" because Defendant is the only defendant named in the Complaint.

25. Denied. Based on Defendant's investigation conducted to date, including a review of relevant call logs, it has no record of calling Plaintiff at either of the two telephone numbers that Plaintiff has identified as having allegedly used to communicate with Defendant on the dates identified by Plaintiff in the Complaint.

26. Denied. Based on Defendant's investigation conducted to date, including a review of relevant call logs, it has no record of making the call referenced in this paragraph.

27. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore said allegations are denied and strict proof is demanded at trial. By way of further response, based on Defendant's investigation conducted to date, including a review

of relevant call logs, it has no record of calling Plaintiff at either of the two telephone numbers that Plaintiff has identified as having allegedly used to communicate with Defendant on the dates identified by Plaintiff in the Complaint. Further, at all relevant times, Defendant did not utilize an "artificial intelligence system," to the extent it understands Plaintiff's use of that phrase, when it called potential customers.

28. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore said allegations are denied and strict proof is demanded at trial. By way of further response, based on Defendant's investigation conducted to date, including a review of relevant call logs, it has no record of calling Plaintiff at either of the two telephone numbers that Plaintiff has identified as having allegedly used to communicate with Defendant on the dates identified by Plaintiff in the Complaint.

29. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore said allegations are denied and strict proof is demanded at trial. By way of further response, based on Defendant's investigation conducted to date, including a review of relevant call logs, it has no record of calling Plaintiff at either of the two telephone numbers that Plaintiff has identified as having allegedly used to communicate with Defendant on the dates identified by Plaintiff in the Complaint.

30. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore said allegations are denied and strict proof is demanded at trial. By way of

further response, based on Defendant's investigation conducted to date, including a review of relevant call logs, it has no record of making the call referenced in this paragraph.

31. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore said allegations are denied and strict proof is demanded at trial. By way of further response, based on Defendant's investigation conducted to date, including a review of relevant call logs, it has no record of making the call referenced in this paragraph.

32. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore said allegations are denied and strict proof is demanded at trial. By way of further response, based on Defendant's investigation conducted to date, including a review of relevant call logs, it has no record of making the call referenced in this paragraph.

33. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore said allegations are denied and strict proof is demanded at trial. By way of further response, based on Defendant's investigation conducted to date, including a review of relevant call logs, it has no record of calling Plaintiff at either of the two telephone numbers that Plaintiff has identified as having allegedly used to communicate with Defendant on the dates identified by Plaintiff in the Complaint. Further, Defendant is confused by the reference to "the aforementioned prerecorded calls" in this paragraph because the prior paragraphs do not specifically discuss "prerecorded calls" to the extent that Defendant understands that phrase.

6

34. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore said allegations are denied and strict proof is demanded at trial. By way of further response, based on Defendant's investigation conducted to date, including a review of relevant call logs, it has no record of calling Plaintiff at either of the two telephone numbers that Plaintiff has identified as having allegedly used to communicate with Defendant on the dates identified by Plaintiff in the Complaint.

35. Admitted in part, denied in part. It is admitted, based on its investigation conducted to date, including a review of relevant call logs, that Defendant has a record of having received calls, on the date identified in this paragraph, from one of the two telephone numbers that Plaintiff has identified as having allegedly used to communicate with Defendant. As to Plaintiff's allegation that he called the number 774-217-6574, "the number that had called him," after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of that allegation and therefore said allegation is denied and strict proof is demanded at trial. By way of further response, based on Defendant's investigation conducted to date, including a review of relevant call logs, it has no record of calling Plaintiff at either of the two telephone numbers that Plaintiff has identified as having allegedly used to communicate with Defendant on the dates identified by Plaintiff in the Complaint.

36. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore said allegations are denied and strict proof is demanded at trial.

37. Admitted in part, denied in part. It is admitted, based on its investigation conducted to date, including a review of relevant call logs, that Defendant has a record of having received calls, on the date identified in this paragraph, from one of the two telephone numbers that Plaintiff has identified as having allegedly used to communicate with Defendant. By way of further response, and as to the remaining allegations in this paragraph, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore said allegations are denied and strict proof is demanded at trial.

38. It is admitted only that Defendant received a letter dated June 18, 2025 that purported to be from Plaintiff. The remaining allegations that seek to describe the letter are denied in that the letter is a document that speaks for itself.

39. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore said allegations are denied and strict proof is demanded at trial. By way of further response, based on Defendant's investigation conducted to date, including a review of relevant call logs, it has no record of calling Plaintiff at either of the two telephone numbers that Plaintiff has identified as having allegedly used to communicate with Defendant on the dates identified by Plaintiff in the Complaint.

40. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore said allegations are denied and strict proof is demanded at trial. By way of further response, based on Defendant's investigation conducted to date, including a review of relevant call logs, it has no record of calling Plaintiff at either of the two telephone

numbers that Plaintiff has identified as having allegedly used to communicate with Defendant on the dates identified by Plaintiff in the Complaint.

41. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore said allegations are denied and strict proof is demanded at trial. By way of further response, based on Defendant's investigation conducted to date, including a review of relevant call logs, it has no record of calling Plaintiff at either of the two telephone numbers that Plaintiff has identified as having allegedly used to communicate with Defendant on the dates identified by Plaintiff in the Complaint.

42. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore said allegations are denied and strict proof is demanded at trial. By way of further response, to the extent that the allegations in this paragraph consist of legal conclusions, no response is required and, therefore, the allegations are deemed denied. Further, based on Defendant's investigation conducted to date, including a review of relevant call logs, it has no record of calling Plaintiff at either of the two telephone numbers that Plaintiff has identified as having allegedly used to communicate with Defendant on the dates identified by Plaintiff in the Complaint.

43. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore said allegations are denied and strict proof is demanded at trial. By way of further response, to the extent that the allegations in this paragraph consist of legal conclusions, no response is required and, therefore, the allegations are deemed denied.

Further, based on Defendant's investigation conducted to date, including a review of relevant call logs, it has no record of calling Plaintiff at either of the two telephone numbers that Plaintiff has identified as having allegedly used to communicate with Defendant on the dates identified by Plaintiff in the Complaint.

44.     Denied.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore said allegations are denied and strict proof is demanded at trial. By way of further response, to the extent that the allegations in this paragraph consist of legal conclusions, no response is required and, therefore, the allegations are deemed denied.  By way of further response, based on Defendant's investigation conducted to date, including a review of relevant call logs, it has no record of calling Plaintiff at either of the two telephone numbers that Plaintiff has identified as having allegedly used to communicate with Defendant on the dates identified by Plaintiff in the Complaint.

45.     Denied.  The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.  By way of further response, based on Defendant's investigation conducted to date, including a review of relevant call logs, it has no record of calling Plaintiff at either of the two telephone numbers that Plaintiff has identified as having allegedly used to communicate with Defendant on the dates identified by Plaintiff in the Complaint.

46.     Denied.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore said allegations are denied and strict proof is demanded at trial. By way of further response, to the extent that the allegations in this paragraph consist of legal

conclusions, no response is required and, therefore, the allegations are deemed denied. Further, based on Defendant's investigation conducted to date, including a review of relevant call logs, it has no record of calling Plaintiff at either of the two telephone numbers that Plaintiff has identified as having allegedly used to communicate with Defendant on the dates identified by Plaintiff in the Complaint.

47. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore said allegations are denied and strict proof is demanded at trial. By way of further response, to the extent that the allegations in this paragraph consist of legal conclusions, no response is required and, therefore, the allegations are deemed denied. Further, based on Defendant's investigation conducted to date, including a review of relevant call logs, it has no record of calling Plaintiff at either of the two telephone numbers that Plaintiff has identified as having allegedly used to communicate with Defendant on the dates identified by Plaintiff in the Complaint.

48. Denied. The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied. By way of further response, based on Defendant's investigation conducted to date, including a review of relevant call logs, it has no record of calling Plaintiff at either of the two telephone numbers that Plaintiff has identified as having allegedly used to communicate with Defendant on the dates identified by Plaintiff in the Complaint. Further, as to the allegation that these calls "injured Plaintiff" and Plaintiff's characterization of these calls as "frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class," after reasonable investigation, Defendant is without knowledge or

11

information sufficient to form a belief as to the truth of that allegation, and therefore said allegation are denied and strict proof is demanded at trial

## "**Class Action Statement**"

49.  Defendant incorporates the foregoing paragraphs by reference as though fully set forth at length herein.

50.  Denied.  The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

51.  Denied.  The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

52.  Denied.  The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

53.  Denied.  The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

54.  Denied.  The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

55.  Denied.  The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

56.  Denied.  The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

57.  Denied.  The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

58.  Denied.  The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

59. Denied. The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

60. Denied. The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

61. Denied. The allegations in this paragraph, and subparagraphs, consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

62. Denied. The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

63. Denied. The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

64. Denied. The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

65. Denied. The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

66. Denied. The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

### "FIRST CAUSE OF ACTION
### Statutory Violations of the Telephone Consumer Protection Act
### (47 .S.C. § 227(b)) on behalf of the Robocall Class)"

67. Defendant incorporates the foregoing paragraphs by reference as though fully set forth at length herein.

68. Denied. The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

69. Denied. The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

70. Denied. The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

71. Denied. The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

## "SECOND CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227 (c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry)"

72. Defendant incorporates the foregoing paragraphs by reference as though fully set forth at length herein.

73. Denied. The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

74. Denied. The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

75. Denied. The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

76. Denied. The allegations in this paragraph consist of legal conclusions to which no response is required and, therefore, the allegations are deemed denied.

## "RELIEF SOUGHT BY PLAINTIFF"

Defendant denies that Plaintiff is entitled to any of the relief requested in paragraphs (A) – (F), and strict proof is demanded at trial.

**WHEREFORE**, Defendant respectfully requests that the Court enter judgment in its favor and against Plaintiff, and for such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses to the Complaint, Defendant avers as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims in the Complaint were not pleaded with sufficient particularity, and thus, Plaintiff and any members of any putative class have failed to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to allege any actual damages suffered by Plaintiff or members of any putative class.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff and members of any putative class have not suffered an injury-in-fact sufficient to satisfy Article III standing requirements.

### FIFTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and members of any putative class are barred, in whole or in part, for failure to mitigate damages.

### SIXTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and members of any putative class are barred to the extent Plaintiff and members of any putative class gave prior express consent and, accordingly, Defendant did not violate any provisions of the TCPA.

**SEVENTH AFFIRMATIVE DEFENSE**

The alleged calls were not made using an automatic telephone dialing system, or alternatively, that the equipment used to make any alleged calls did not have the capacity to store or produce telephone numbers to be called using a random or sequential number generator at the time the calls were made

**EIGHTH AFFIRMATIVE DEFENSE**

At all relevant times, Defendant acted in good faith and any violations of the TCPA were unintentional and a result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**NINTH AFFIRMATIVE DEFENSE**

Any purported TCPA violations were not committed knowingly or willfully.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any alleged damages were not caused by Defendant, but instead by intervening and superseding causes or circumstances, or by the acts or omissions of third parties for which Defendant is not responsible.

**ELEVENTH AFFIRMATIVE DEFENSE**

The alleged claims of Plaintiff and members of any putative class are barred, in whole or in part, by the statute of limitations.

**TWELFTH AFFIRMATIVE DEFENSE**

The alleged claims of Plaintiff and members of any putative class for equitable remedies, including injunctive relief, are barred because adequate remedies exist at law to redress any alleged injuries to Plaintiff and members of any putative class.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

The alleged claims of Plaintiff and members of any putative class are barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure including, but not limited to, estoppel, fraud, and waiver.

### FIFTEENTH AFFIRMATIVE DEFENSE

At all relevant times, Defendant acted in good faith and substantial compliance with the TCPA and applicable Federal Communications Commission rules, regulations, orders, and decisions.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that any relief sought by Plaintiff would be duplicative of relief sought by plaintiff in other lawsuits, subjecting Defendant to the possibility of multiple recovery, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Any damages sustained by Plaintiff or members of any putative class must be reduced in proportion to the wrongful or negligent conduct of persons or entities other than Defendant, including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility and/or comparative fault.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The alleged claims of Plaintiff and members of any putative class are barred or otherwise limited because they maintained an established business relationship with Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

The alleged claims of Plaintiff and members of any putative class are barred, in whole or in part, because Defendant had established and implemented, with due care, reasonable practices and procedures to effectively prevent telemarketing-related violations.

### TWENTIETH AFFIRMATIVE DEFENSE

The alleged claims of Plaintiff and members of any putative class are barred, in whole or in part, to the extent they are asserting damages for calls made to cellular telephone numbers to which they were not subscribers at the time of the call.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The proposed class should be stricken because it is a fail-safe class.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The class allegations should be stricken because individualized issues predominate over common questions of fact and law, including but not limited to, the issue of prior express consent, and whether any particular call recipient is a residential telephone subscriber.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The class allegations should be stricken due to a lack of typicality.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The class allegations should be stricken because the identities of class members are not ascertainable.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The class allegations should be stricken because Plaintiff is not an adequate class representative.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Defendant reserve the right to assert additional defenses that may become known through investigation and discovery.

**WHEREFORE**, Defendant respectfully requests that the Court enter judgment in its favor and against Plaintiff, and for such other and further relief as the Court deems just and proper.

                                      **COHEN, SEGLIAS, PALLAS,**
                                      **GREENHALL & FURMAN, P.C.**

Date: October 10, 2025        **BY:** */s/ James McNally*
                                      **James McNally, Esquire**
                                      Attorney I.D. No. 78341
                                      626 Washington Place, Suite 1902
                                      Pittsburgh, PA 15219
                                      Office: (412) 434-5530
                                      Fax: 412- 434-5565
                                      Email: jmcnally@cohenseglias.com
                                      *Attorneys for Defendant,*
                                      *R.R.K. Inc. d/b/a Empire*
                                      *Numismatics*

## **CERTIFICATE OF SERVICE**

I, hereby certify that a true and correct copy of the foregoing ANSWER OF DEFENDANT, R.R.K. INC. d/b/a EMPIRE NUMISMATICS TO THE COMPLAINT, WITH AFFIRMATIVE DEFENSES was caused to be served on October 10, 2025 via the Court's Electronic Filing System, with courtesy copy provided via email, upon the following counsel of record:

**Anthony I. Paronich, Esquire**
Paronich Law, P.C.
350 Lincoln St.
Suite 2400
Hingham, MA 02043
Email: anthony@paronichlaw.com

**Jeremy C. Jackson, Esquire**
P.O. Box 244
Bellefonte, PA 16823
Email: jjackson@bower-law.com

                BY: */s/ James McNally*
                      James McNally, Esquire
                      *Attorneys for Defendant,*
                      *R.R.K. Inc. d/b/a Empire Numismatics*