IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>          Plaintiff<br><br>vs.<br><br>R.R.K. INC. d/b/a EMPIRE NUMISMATICS<br><br>          Defendant. | Case No. 2:25-cv-00864 |

**JOINT REPORT OF RULE 26(f) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 16.1, Local Rule 23.B, counsel for the parties submit the following joint report of their meeting for the court's consideration:

1. **Identification of Counsel and Unrepresented Parties**

    a. <u>Plaintiff Stewart Abramson ("Plaintiff")</u>

    Jeremy C. Jackson, Esq.       [o] (617) 485-0018
    BOWER LAW ASSOCIATES, PLLC      Hingham, MA 02043
    The Towers      anthony@paronichlaw.com
    403 South Allen Street, Suite 210
    State College, PA   16801

    Anthony I. Paronich
    Paronich Law, P.C.
    350 Lincoln Street, Suite 2400

    b. <u>Defendant R.R.K. Inc. d/b/a Empire Numismatics ("Defendant")</u>

    Jonathan A. Cass
    James McNally
    Cohen Seglias Pallas Greenhall & Furman, P.C.

1

      626 Washington Place, Suite 1902  
      Pittsburgh, PA 15219  
      Office: (412) 434-5530  
      Fax: (412) 434-5565  
      Email: jcass@cohenseglias.com  
            jmcnally@cohenseglias.com

**2. General Nature of the Case**

*Plaintiff's Position*: Plaintiff brings this putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), alleging that Defendant placed multiple telemarketing calls delivering prerecorded or artificial-voice messages to residential numbers, including numbers listed on the National Do-Not-Call Registry, without prior express written consent.

*Defendant's Position:* Based on Defendant's initial investigation, Defendant has no record of having made the unsolicited alleged telemarketing calls alleged in the Complaint. Defendant believes that these calls were made by an unknown person that is unrelated to Defendant. Further, although Defendant does make telemarketing calls, it does not use "prerecorded or artificial-voice messages."

**3. Date of Rule 26(f) Conference**

The Rule 26(f) conference was held telephonically on October 21, 2025 and was attended by Anthony Paronich for the Plaintiff and Jonathan A. Cass for the Defendant.

**4. Date of Rule 16 Conference Scheduled by the Court**

The Court has scheduled the Rule 16 conference to be held on November 25, 2025.

**5. Anticipated Rule 12 Motions:** None.

**6. Designation of ADR Process:**

    **Plaintiff:** Mediation

**Defendant:** Mediation

7. **Rule 26 Disclosures**

The Parties will exchange Disclosures on or before November 13, 2025.

8. **Subjects of Discovery**

A. *Plaintiff's Proposed Subjects of Discovery*

Plaintiff seeks discovery on the following subjects: (1) Defendant's and/or third-party call data regarding Plaintiff and the class; (2) identification of class members; (3) Defendant's policies and procedures regarding compliance with the TCPA; (4) Defendant's affirmative defenses, such as any consent to make the calls at issue; (5) Defendant's negligence or willfulness regarding any TCPA violations; (6) Defendant's document retention policies; (7) identification of witnesses; and (8) Defendant's relationship with any third parties that may have relevant information surrounding this matter.

The Plaintiff opposes bifurcated discovery, as discussed below.

B. *Defendant's Proposed Subjects of Discovery*

Because Defendant's initial investigation disclosed that Defendant has no record of having made the unsolicited alleged telemarketing calls alleged in the Complaint (the "Alleged Calls"), and these alleged calls form the sole basis for Plaintiff's TCPA claim, Defendant believes that initial discovery should be limited to party and third-party discovery specifically related to whether Defendant made the Alleged Calls (the "Alleged Call Discovery"). Only after Plaintiff is able to establish that the Defendant made the Alleged Calls, should discovery continue on a broader basis. Accordingly, Defendant requests that discovery be bifurcated so that the parties can conduct the Alleged Call Discovery, and then, after the Alleged Call Discovery is completed, that the Court

hold a status conference to discuss the results of the Alleged Call Discovery, whether Plaintiff believes he has a factual basis for continuing with this lawsuit, and if so, to set a comprehensive discovery plan.

9. **Suggested Dates**

   A. **Proposed Discovery Plan:**\*\*

| Event | Parties' Proposal |
|---|---|
| Additional Parties | January 20, 2026 |
| Pleadings Amended | January 20, 2026 |
| Fact Discovery Completed | May 20, 2026 |
| Submit Plaintiff's Expert Report(s) | June 20, 2026 |
| Submit Defendant's Expert Report(s) | July 20, 2026 |
| Expert Depositions | August 10, 2026 |
| File Motion to Certify Class | August 24, 2026 |
| Post-Discovery Status Conference | TBD by the Court |

**\*\* As discussed in paragraphs 8.B. and 10 below, Defendant is requesting that discovery be bifurcated so that the parties can first conduct Alleged Call Discovery, and then, after the Alleged Call Discovery is completed, that the Court hold a status conference to discuss the results of the Alleged Call Discovery, whether Plaintiff believes he has a factual basis for continuing with this lawsuit, and if so, to set a comprehensive discovery plan.**

   10. **Changes to Limitations in Discovery**

*Defendant's Position*

Because Defendant's initial investigation disclosed that Defendant has no record of having made the unsolicited alleged telemarketing calls alleged in the Complaint (the "Alleged Calls"), and these alleged calls form the sole basis for Plaintiff's TCPA claim, Defendant believes that

4

initial discovery should be limited to party and third-party discovery specifically related to whether Defendant made the Alleged Calls (the "Alleged Call Discovery"). Only after Plaintiff is able to establish that the Defendant made the Alleged Calls, should discovery continue on a broader basis. Accordingly, Defendant requests that discovery be bifurcated so that the parties can conduct Alleged Call Discovery, and then, after the Alleged Call Discovery is completed, the Court hold a status conference to discuss the results of the Alleged Call Discovery, whether Plaintiff believes he has a factual basis for continuing with this lawsuit, and if so, to set a comprehensive discovery plan.

*Plaintiff's Position*

Bifurcation is unnecessary and would only delay discovery. The calls at issue contain clear indications that they originated from Defendant and promoted Defendant's own services. As such, there is no reasonable dispute that discovery into the full scope of Defendant's telemarketing practices, including prerecorded calls, is relevant and appropriate at this stage. Conducting all discovery at once will be far more efficient and consistent with Rule 1's mandate to secure the just, speedy, and inexpensive determination of every action. Moreover, if Defendant truly lacks any documents or information concerning prerecorded calls, its discovery responses will necessarily be limited, and bifurcation will not reduce its burden. Discovery should therefore proceed in the ordinary course on all issues, including class discovery.

**11. Electronic Discovery**

The parties expect much discovery will be in electronic form, but the parties do not believe an ESI special master is needed at this time. The parties will work together to develop an ESI discovery plan.

**12. Post-Discovery Status Conference**

The parties are requesting a post-discovery status conference.

**13. Rule 16 or 26 Orders**

The parties will discuss entry of a Confidentiality/Protective Order regarding treatment of documents produced in discovery, should discovery proceed.

**14. Special Master**

The parties are not requesting the appointment of a special master relating to any issues at this time.

**15. Disagreements between the Parties in this Report.**

As discussed above, the parties disagree as to whether discovery should be bifurcated.


Dated: November 7, 2025                    PLAINTIFF,
                                           By his attorneys

                                           */s/ Anthony I. Paronich*
                                           Anthony I. Paronich
                                           Paronich Law, P.C.
                                           350 Lincoln Street, Suite 2400
                                           Hingham, MA 02043
                                           (617) 485-0018
                                           anthony@paronichlaw.com


                                           **COHEN, SEGLIAS, PALLAS,**
                                               **GREENHALL & FURMAN, P.C.**

Date:  November 7, 2025                    BY:   */s/ James McNally*
                                                 **James McNally, Esquire**
                                                 Attorney I.D. No. 78341
                                                 626 Washington Place, Suite 1902
                                                 Pittsburgh, PA 15219
                                                 Office: (412) 434-5530
                                                 Fax: (412) 434-5565
                                                 Email: jmcnally@cohenseglias.com
                                                 *Attorneys for Defendant,*
                                                 *R.R.K. Inc. d/b/a Empire Numismatics*